## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

TERRELL MICKLES, # 11733-003,    :

      Plaintiff,    :

vs.    :    CIVIL ACTION 21-0344-JB-N

UNITED STATES OF AMERICA,    :

      Defendant.    :

## REPORT AND RECOMMENDATION

Plaintiff Terrell Mickles, who is proceeding *pro se*, filed a petition for the "writ of mandamus"- "severance of payment motion" while a federal prison inmate.[1] (Doc. 1). Upon review of this petition and Plaintiff's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Plaintiff is barred from proceeding *in forma pauperis* and did not pay the $402 filing and administrative fees when he filed this action.

## I. Section 1915(g) and Mickle's Litigation History.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more

---

[1] Plaintiff was convicted of possession with intent to distribute crack cocaine in *USA v. Terrell Mickel*s #11733-003, Crim. No. 10-00152-WS-B (S.D. Ala. June 29, 2011) and received a sentence that included 188 months in custody. And, when he filed the present complaint, he also filed *Mickles v. USA,* CA 21-0345-JB-N (S.D. Ala.) and *Mickles v. Bogota Columbia,* CA 21-0346-JB-N (S.D. Ala.).

> prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

When the petition was filed, Plaintiff neither filed a motion to proceed without prepayment of fees, nor did he pay the $402 filing and administrative fees. Nonetheless, the Court reviewed his petition and conducted a nationwide review of the civil records of the United States District and Appellate Courts to determine if Plaintiff has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From these dockets, the Court discovered that Plaintiff has at least three actions and appeals dismissed for one of the foregoing reasons, namely,[2]

---

[2] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

*Mickels v. Steele*, CA No. 15-0117-KD-C (S.D. Ala. May 12, 2016) (frivolous

dismissal); *Mickels v. Moore*, CA No. 14-0086-WS-N (S.D. Ala. 2014) (frivolous and

failure-to-state-a-claim dismissal), *appeal dismissed*, No. 14-14763-C (11th Cir.

2015) (appeal dismissed as frivolous by a three-judge panel)[3], and *Mickles v.*

*Springfield Med. Ctr. for Fed. Prisoners*, No. 6:16-cv-03494-BP (W.D. Mo. Jan. 24,

2017) (frivolous dismissal).  (The Court also discovered that Plaintiff's case, *Mickles*

*v. Steele*, CA 16-0369-CG-B (S.D. Ala. 2016), was dismissed pursuant to 28 U.S.C. §

1915(g).)  Thus, the present action comes within the scope of 28 U.S.C. § 1915(g).

Consequently, the present action is due to be dismissed unless Plaintiff can satisfy

the exception to § 1915(g).

## II.  Section 1915(g)'s Exception.

Section 1915(g)'s exception requires that at the time of the complaint's filing,

Plaintiff must show that he was "under imminent danger of serious physical

injury."  *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent

danger of serious physical injury must exist at the time the complaint is filed, not at

a prior time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using

---

[3] In *Mickels v. Moore*, *supra*, the district court's determination and appeals court's determination are counted as two strikes.  *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996) ("Congress would have us count both the dismissal in the district court *and* the separate dismissal of the appeal as frivolous."), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537-38, 135 S.Ct. 1759, 1763, 135 L.Ed.2d 803 (2015) (ruling that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal," and rejecting that it must be an affirmed dismissal in order to count as a strike).

the term 'imminent,' Congress indicated that it wanted to include a safety valve for

the 'three strikes' rule to prevent impending harms, not those harms that had

already occurred."), *cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole,

[must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387

F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege

and provide specific fact allegations of ongoing serious physical injury, or a pattern

of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball*

*v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished). Plaintiff has not

shown that he was experiencing or would experience an imminent serious physical

injury. The allegations in his petition are incomprehensible. His petition

disjointedly refers to a motion to compel transcripts or severance of payment and to

discovery matters and has attached documents from the IRS. No physical injury

can be gleaned from matters that are decipherable, nor can the Court envision a

physical injury, much less one that is serious and imminent, being associated his

allegations.

Section 1915(g) requires that Plaintiff must be in imminent danger of serious

physical injury when he filed his complaint. 28 U.S.C. § 1915(g). There is no

indication that when Plaintiff filed the complaint on August 3, 2021, he was in

imminent danger of serious physical injury. However, it is Plaintiff's burden to

make such a showing. 28 U.S.C. § 1915(g); *Medberry,* 185 F.3d at 1193.

Accordingly, the Court finds that Plaintiff did not meet his burden of showing that

he was in imminent danger of serious physical injury when he filed his complaint.

## III. Conclusion.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $402 filing and administrative fees at the time he filed this action, this action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review

on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In

order to be specific, an objection must identify the specific finding or recommendation

to which objection is made, state the basis for the objection, and specify the place in

the Magistrate Judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers

to the briefing before the Magistrate Judge is not specific.

       **DONE** and **ORDERED** this 14th  day of September, 2021.


                       s/ *Katherine P. Nelson*
                       **UNITED STATES MAGISTRATE JUDGE**